Frank Prox Company, Defendant in Error, v. Edward A. Bryan, Plaintiff in Error.

## Gen. No. 15,588.

1. Municipal court—*what not essential to review.* Exceptions to rulings made against the objections of a party are not essential to a review of such rulings.

2. Municipal court—*section 33 of act construed.* The fact that an officer of the adverse party corporation has been cross-examined does not preclude the right again to call and examine him under section 33 of the Municipal Court Act.

3. Foreign corporations—*what material to determine issue of "doing business."* Whether a corporation has bought materials and employed labor in Illinois in connection with its business, are facts material to the determination of the issue as to whether its business is intrastate or interstate.

Error to the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 1, 1911.

L. D. Condee and James M. Given, for plaintiff in error.

Eastman, Eastman & White, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

The plaintiff in error brought an action of the fourth class in the Municipal Court to recover the price of certain

articles sold and delivered by the plaintiff to the defendant, and recovered judgment for the amount claimed.

The defense interposed was that plaintiff was a foreign corporation, not authorized to do business in Illinois; that it had done business in Illinois, and therefore could not maintain this action.

The plaintiff is an Indiana corporation, doing business at Terre Haute, and the defendant was engaged in business at Paris, Illinois. The plaintiff had, prior to the transaction involved in this action, done business in Illinois. The contention of the plaintiff was that the business done by it in Illinois was interstate commerce, and therefore not within the prohibition of the statute relating to foreign corporations, and the contention of the defendant was that the plaintiff had been and was doing business in Illinois which was intrastate in character, and therefore could not maintain this suit.

We shall consider only the question whether the trial court erred in restricting the examination of Herman C. Prox, the vice-president and general manager of the plaintiff, under section 33 of the Municipal Court Act, which is as follows:

"That upon the trial or hearing of any suit in the Municipal Court any party thereto, or any person for whose immediate benefit such suit is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such suit, may be examined upon the trial thereof as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled, in the same manner and subject to the same rules for examination as any other witness, to testify, but the party calling for such examination shall not be concluded thereby, but may rebut the testimony thus given by counter testimony."

Prox was called and examined as a witness by the plaintiff and cross-examined by the defendant.

After plaintiff rested, defendant's counsel called Prox as a witness and examined him at some length. He then asked

to examine him as on cross-examination under the statute, and the court ruled that while defendant's counsel might examine the witness further, he could not call him under the statute. The witness then testified in answer to questions put to him by defendant's counsel, that the plaintiff had done several hundred thousand dollars' worth of business in Illinois; that it had erected at Tower Hill, Illinois, apparatus for screening coal as it came from the mine, using steel and rivets that came from Pittsburg and lumber that came from the South. He was asked whether plaintiff had bought any other goods in Illinois and whether it had employed labor in Illinois, and the court sustained plaintiff's objection to both questions.

The contention of defendant in error that the rulings of the court above set forth are not saved for review because the defendant failed to preserve formal exceptions to such rulings, cannot be sustained. It clearly appears from the record that such rulings were made against the objection of the defendant, and Clause 8 of section 23 of the Municipal Court Act provides that no "exceptions to the rulings and decisions of the Municipal Court upon the trial, which appear to have been made against the objection of the party complaining thereof, shall be necessary to the right of either party to a review of such rulings and decisions by the Supreme Court or Appellate Court upon their merits."

Whether the plaintiff had bought materials or employed labor in doing the business it had done in Illinois were matters material to the inquiry whether the business it had done in Illinois was interstate or intrastate in character. Oakland Co. v. Fred W. Wolf Co., 55 C. C. A. 93.

We think that the fact that defendant had cross-examined Prox after he had been examined by the plaintiff and had called him as his own witness and examined him on direct examination, did not deprive defendant of the right to call and examine him under the statute; that the rulings of the court sustaining plaintiff's objection to the question whether plaintiff had purchased materials or employed labor in Il-

linois, constitute reversible error, and for that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*